IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

    Plaintiff,

  v.

FRANCISCO JACQUEZ, et al.,

    Defendants.
                                /

No. C 09-05534 CW (PR)

ORDER OF DISMISSAL

Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. Thereafter, he filed an amended complaint. He has also been granted leave to proceed in forma pauperis.

On February 25, 2010, Plaintiff filed a letter entitled, "Re: Notice of Withdraw," in which he makes a reference to the present case by stating: "On November 22, 2009, a new filing was submitted [in] . . . Case No. C 09-5534."[1] (Pl.'s Feb. 25, 2010 Letter at 1.) He then stated that he "will voluntarily withdraw from all matters . . . ." (Id. at 2.) Pursuant to the notice of voluntary dismissal of this action filed by Plaintiff on February 25, 2010, this action is terminated. See Fed. R. Civ. P. 41(a)(1)(A)(i) ("[A]n action may be dismissed by the plaintiff without order of the court . . . by filing a notice of dismissal."); Hamilton v. Shearson-Lehman Am. Exp. Inc., 813 F.2d 1532, 1534-1536 (9th Cir. 1987) (Rule 41(a)(1)(A)(i) does not require leave of court to dismiss the action). The dismissal is without prejudice. See Fed. R. Civ. P. 41(a)(1)(B) (unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice"); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959).

---

[1] Plaintiff's original complaint was filed on November 20, 2009, and not on November 22, 2009.

However, the Court notes that Plaintiff's handwriting is difficult to decipher, and he does not clearly indicate that his February 25, 2010 letter was intended to be filed in this action. The Clerk filed Plaintiff's February 25, 2010 letter in the present case because he included the case number of this action in the body of his letter. In the event that it was not Plaintiff's intention to dismiss the present case voluntarily, the Court finds that dismissal is still appropriate because Plaintiff did not exhaust his administrative remedies prior to filing this action.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion

requirement requires "proper exhaustion" of available administrative remedies. <u>Woodford v. Ngo</u>, 548 U.S. 81, 94 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. <u>Id.</u> § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). <u>Id.</u> at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." <u>Id.</u> at 1120. Here, Plaintiff conceded that he had not exhausted his administrative remedies at the time he filed his original complaint on November 20, 2009, stating "Exhaustion of remedies pending. Seeking file date. Will amend when exhaustion

3

is completed." (Compl. at 2.)  Plaintiff has since filed an amended complaint, in which he states that "an inmate appeal was typed and submitted to the administration at Pelican Bay State Prison seeking to establish a record for review as these conditions relate to exhaustion of administrative remedies."  (Am. Compl. at 2a.)  An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Plaintiff has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement.  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

    Accordingly, the complaint is DISMISSED without prejudice to refiling his exhausted claims in a new action.  See McKinney, 311 F.3d at 1199-1201.

    The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

    IT IS SO ORDERED.

Dated: 4/20/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

        Plaintiff,

  v.

FRANCISCO JACQUEZ et al,

        Defendant.

Case Number: CV09-05534 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Knutson C-04763
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: April 20, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk