IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

        Plaintiff,

  v.

FRANCISCO JACQUEZ, et al.,

        Defendants.
                                /

No. C 09-05534 CW (PR)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(Docket no. 10)

In an Order dated April 20, 2010, the Court dismissed the amended complaint filed in this action after Plaintiff filed a letter entitled, "Re: Notice of Withdraw," in which he made a reference to the present case and stated that he wished to "voluntarily withdraw from all matters . . . ."  (Apr. 20, 2010 Order at 1 (citing Pl.'s Feb. 25, 2010 Letter at 2).)  The Court construed Plaintiff's letter as a notice of voluntary dismissal and terminated the action.  (Id. (citing Fed. R. Civ. P. 41(a)(1)(A)(i)).)  Because the Court noted that Plaintiff's handwriting was difficult to decipher, it further stated that if it was not Plaintiff's intention to dismiss this action voluntarily, dismissal was "still appropriate because Plaintiff did not exhaust his administrative remedies prior to filing this action."  (Id. at 2.)  The Court included the following background relating to exhaustion of Plaintiff's claims:

> Plaintiff conceded that he had not exhausted his administrative remedies at the time he filed his original complaint on November 20, 2009, stating "Exhaustion of remedies pending.  Seeking file date.  Will amend when exhaustion is completed."  (Compl. at 2.)  Plaintiff has since filed an amended complaint, in

> which he states that "an inmate appeal was typed and submitted to the administration at Pelican Bay State Prison seeking to establish a record for review as these conditions relate to exhaustion of administrative remedies." (Am. Compl. at 2a.)

(Id. at 3-4.) Therefore, the Court dismissed the amended complaint "without prejudice to refiling his exhausted claims in a new action." (Id. at 4 (citing McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)).)

Before the Court is Plaintiff's motion entitled, "Request Reconsideration of Order Dated 4-20-10."

A motion which challenges the Court's final judgment (in this case, the dismissal without prejudice) may be properly brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991). Plaintiff's motion, which was filed on April 30, 2010[1] -- within ten days of entry of judgment -- will be treated as a motion to alter or amend judgment under Rule 59(e). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992) (a motion to reconsider, however labeled, served within ten days of the entry of order or judgment should be construed as a Rule 59(e) motion).

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear

---

[1] Plaintiff's motion is deemed filed on April 30, 2010, the date it was signed and delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts).

United States District Court
For the Northern District of California

error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

While Plaintiff's motion is difficult to decipher, the Court notes that it was submitted on a civil rights complaint form. On page two of the form, Plaintiff answers paragraph E and marks "YES" to the question: "Is the last level to which you appealed the highest level of appeal available to you?" (Pl.'s Mot. at 2.) Nowhere on the form does he indicate the "appeal number and the date and result of the appeal at each level of review," as requested on the earlier page of the form. Instead, Plaintiff completes paragraph F, which states: "If you did not present your claims for review through the grievance procedure, explain why." (Id.) From what the Court can decipher, he answers: "See e.g., claims exhaustion is defined [unintelligible] in Case No. 08-5694 (amended pleading dated 4-18-10)." (Id.)

Case No. 08-5694 CW was a habeas action in which Plaintiff also filed a notice of voluntary dismissal; therefore, the Court terminated that action on January 25, 2011. The "Amended Pleading" Plaintiff refers to is an amended "Petition for a Writ of Habeas Corpus," signed on April 18, 2010 and filed in Case No. 08-5694 CW on April 23, 2010. Again, the Court notes that Plaintiff's handwriting in his "Amended Pleading" is difficult to decipher. From what the Court can decipher, Plaintiff writes the phrase, "Exhaustion of Administrative Remedies," on page 6b. However, his handwriting is unintelligible and the Court cannot determine what claims Plaintiff exhausted in Case No. 08-5694 CW, if any. For

clarification, the Court turns to the "Reasonable Modification or Accommodation Request" (CDC-1824) forms and responses that were attached to his "Amended Pleading." (Am. Pleading in Case No. 08-5694 CW, Ex. A.) In the first CDC-1824 form (with no log number) dated January 14, 2010, prison officials state that Plaintiff's disability is his "inability to communicate via written word, writing is illegible" and that his "specific modification or accommodation" requested is "a typewriter [sic] for legal correspondence."[2] (Id.) The "Inmate/Parolee Appeals Screening Form" dated January 15, 2010 attached to that CDC 1824 form states, "You failed to provide evidence of a disability that supports this requested accommodation. The previous screened out appeal was not sent back due to penmanship, it was improperly filled out and had no clear accommodation request." (Id.) There is another CDC-1824 form, also dated January 14, 2010, with log number PBSP 18-10-10071, that is written in Plaintiff's undecipherable handwriting. On January 19, 2010, the CDC-1824 form was returned to Plaintiff with a note stating, "A Clinic RN (Mark), we need you to interview this inmate and ask him to provide us with what accommodation request can we resolve for him at CDCR." (Id.) Based on the "Health Care Appeals Effective Communication Confirmation" form, that interview took place on January 25, 2010. (Id.) On February 1, 2010, appeal log number PBSP 18-10-10071 was "rejected/cancelled and returned" for the following reasons: "not in CDCR jurisdiction,

---

[2] The Court notes that this CDC-1824 form does not have the same illegible handwriting as Plaintiff's other filings; therefore, the Court assumes it was written by another person on behalf of Plaintiff.

4

no real issue relative to disability.  Your complaint is with the U.S. Army and a property deal in Hawaii not CDCR."  (Id.)

As mentioned above, a motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  See McDowell, 197 F.3d at 1254.  Here, Plaintiff seems to be alleging that he exhausted all his administrative remedies and thus the Court committed clear error when it dismissed as unexhausted his amended complaint in the present action.  Upon reviewing the attachments to the "Amended Pleading" in Case No. 08-5694 CW, the Court notes that the CDC-1824 forms and responses were all dated after November 10, 2009, the date the original complaint in the present action was filed.  While it is not clear whether Plaintiff's attachments to his "Amended Pleading" show that he has exhausted administrative remedies as to the claims in the present action, that is irrelevant because any such attempt to exhaust occurred after he filed suit.  As mentioned in the Court's April 20, 2010 Order, dismissal is appropriate "even if the prisoner fully exhausts while the suit is pending."  (Apr. 20, 2010 Order at 4 (quoting McKinney, 311 F.3d at 1199).)

In addition, the dismissal of the amended complaint was without prejudice, which means the dismissal does not in itself bar Plaintiff's filing a new suit on the same claims.  Therefore, Plaintiff's motion for reconsideration under Rule 59(e) is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's "Request Reconsideration of Order Dated 4-20-10" (docket no. 10) is DENIED.

5

1   This Order terminates Docket no. 10.

2   IT IS SO ORDERED.

3  Dated: 3/29/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

        Plaintiff,

v.

FRANCISCO JACQUEZ et al,

        Defendant.

Case Number: CV09-05534 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Knutson C-04763
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: March 29, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk